CULLEN, J.
I concur in so much of the opinion of the pre siding justice as holds that the evidence is not such as to justify us in reversing the decision of the trial court on the question of fraud in the execution'- of the contract in suit, I concur with him that the provision of the contract" for compensation to the gas company in the event of a change of the grade of streets which necessitates a removal of the pipes is not illegal. I also concur with the presiding justice that the agreement on the part of the board of improvement not to give its consent to any other gas or electric company to lay its pipes in the streets of the town was beyond the power of that board, and illegal. I„ agree with him that the provision of chapter 59, Laws 1891, attempting to confirm the contract, is void, as in conflict with the constitutional provision that no private or local bill shall embrace more than one subject, and that shall be expressed in its title. I think that the ratification of the contract previously made by the board was a subject not fairly covered by the title of the statute. I think, also, that the same argument and reasoning that condemn as invalid the confirmation of the contract also condemn as invalid the provision of the statute for an extension of the contract, as not fairly expressed in the title of the act. I am frank to say, however, that the invalidity of the confirmation of the contract can be placed on another ground not applicable to the extension of the contract. The provision of the contract that the board of improvement will not give a franchise to any other companies is practically a grant of -a monopoly or. exclusive franchise. The board of improvement having no power to make such an agreement, the validity of this provision must rest on the subsequent act of the legislature confirming the contract. Hence, if the gas •company possesses this exclusive franchise, it is solely by virtue of the statute of 1891. By section 18, article 3, of the constitution, the legislature is forbidden to pass a private or local bill granting to any private corporation, association, or individual any exclusive privilege, immunity, or franchise whatever. Therefore, this legislation is unconstitutional.
I am of opinion that the judgment should declare both the •covenant for an exclusive franchise and the extension of the contract between the improvement board and the gas company illegal and void, and I dissent from the prevailing opinion in so far -as it refuses to grant such relief.
BAETLETT, J., concurs in the foregoing opinion of Mr. Justice CULLEN., • - ■